IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

JIMMY RAY EARL MERRIFIELD           §

VS.                                 §           CIVIL ACTION NO. 4:05cv421
                                                CRIM NO. 4:03cr84(11)

UNITED STATES OF AMERICA            §

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Movant Jimmy Ray Earl Merrifield  filed the above-styled and numbered motion to vacate,

set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  The cause of action was referred for

findings of fact, conclusions of law and recommendations for the disposition of the case.

Background

After pleading guilty pursuant to a written plea agreement, Movant was sentenced on

January 6, 2004, to 262 months of imprisonment for a conviction of conspiracy to manufacture,

distribute, or possess with intent to manufacture and distribute, and dispense methamphetamine, and

possession of a firearm by a drug user in violation of 21 U.S.C. § 846 and 18 U.S.C. § 922(g)(3),

respectively.  Movant filed a direct appeal with the Fifth Circuit Court of Appeals on January 12,

2004.

On March 9, 2004, the District Court reduced Movant's sentence from 262 months to 174

months.  The Fifth Circuit affirmed the District Court's judgment on October 20, 2004.  He did not

file a writ of certiorari with the United States Supreme Court.  Movant filed the present § 2255

motion on October 31, 2005.  He states that he placed the motion in the prison mailing system on

October 28, 2005; thus, his motion is deemed filed October 28, 2005. *See Spotville v. Cain*, 149

F.3d 374, 377 (5th Cir. 1998).

In his § 2255 motion, Movant argues that he is entitled to relief based on the following

grounds:

1. The District Court's finding of quantity of drugs was in error.

2. The Government breached the plea agreement.

3. The District Court violated Fed. R. Crim. Proc. 32(i)(3)(B) when it failed to rule on disputed objections at sentencing.

4. The District Court violated U.S.S.G. § 2K2.1(b)(5) when it failed to show that Movant's firearm possession was in connection with his commission of another felony.

5. The District Court violated U.S.S.G. § 2K2.1( c) because Movant was not in possession of a firearm during or in relation to a felony drug trafficking offense.

6. The District Court violated U.S.S.G. § 2D1.1(b)(1) by enhancing Movant's sentence with a two-offense level enhancement when government failed to prove a spacial and temporal nexus between the weapon, drug activity, and Movant.

7. The District Court erred by "double counting the Sentencing Guidelines."

8. Trial Counsel provided ineffective assistance of counsel when he stipulated to a drug quantity in excess of 500 grams.

9. Trial Counsel provided ineffective assistance of counsel when he failed to argue sentencing enhancements.

10. Trial Counsel provided ineffective assistance of counsel when he failed to request

Rule 32 (i)(3)(B) compliance from the District Court.

11. Trial Counsel provided ineffective assistance of counsel when he failed to challenge the sufficiency of the evidence to support the 18 U.S.C. § 922(g)(3) conviction.

12. Appellate counsel provided ineffective assistance of counsel when he raised only one issue on appeal when other meritorious issues should have been raised.

13. Appellate counsel provided ineffective assistance of counsel when he failed to raise the issue of sufficiency of the evidence to support the 18 U.S.C. § 922(g)(3) conviction.

14. Movant's Sixth Amendment rights were violated at sentencing in light of *United States v. Booker*.

This Court issued a Report and Recommendation, which was adopted by the United States District Judge, in which Movant's motion was denied and dismissed based on the waiver included in his signed plea agreement. Movant appealed this decision. In the appellate proceedings, the Government conceded that the Court has discretion to consider whether Movant's ineffective assistance of counsel claims were barred by the appeal waiver despite Movant not raising the issue in his motion for COA. In light of the Government's concession, the Fifth Circuit remanded the case for further proceedings. Specifically, the Fifth Circuit remanded this case for consideration of Movant's ineffective assistance of counsel claims. The Government filed a Response concerning the remanded issues. Movant filed a Reply to the Government's Response. The instant Report and Recommendation addresses only the claims remanded by the Fifth Circuit concerning ineffective assistance of counsel.

Discussion and Analysis

As a preliminary matter, it should be noted that a § 2255 motion is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). A movant in a § 2255 proceeding may not bring a broad-based attack challenging the legality of the conviction. The range of claims that may be raised in a § 2255 proceeding is narrow. A "distinction must be drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other." *United States v. Pierce*, 959 F.2d 1297, 1300-01 (5th Cir. 1992). A collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991).

Ineffective Assistance of Counsel

Movant asserts that he is entitled to relief based on several instances of ineffective assistance of counsel.

Legal Standard

A movant who seeks to overturn his conviction on the grounds of ineffective assistance of counsel must prove his entitlement to relief by a preponderance of the evidence. *James v. Cain*, 56 F.3d 662, 667 (5th Cir. 1995). In order to succeed on a claim of ineffective assistance of counsel, a movant must show that "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Strickland v. Washington*, 466 U.S. 668, 688, 104 S. Ct. 2052, 2065, 80 L. Ed.2d 864 (1984). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. 466 U.S. at 690, 104 S. Ct. at 2066. The right to counsel does not require errorless counsel; instead, a criminal

defendant is entitled to reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir.

1981). *See also Rubio v. Estelle*, 689 F.2d 533, 535 (5th Cir. 1982); *Murray v. Maggio*, 736 F.2d

279 (5th Cir. 1984). Secondly, the movant "must show that there is a reasonable probability that,

but for counsel's unprofessional errors, the result of the proceeding would have been different. A

reasonable probability is a probability sufficient to undermine confidence in the outcome."

*Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. Movant must "affirmatively prove," not just allege,

prejudice. *Id.*, 466 U.S. at 693, 104 S. Ct. at 2067. If he fails to prove the prejudice component, the

court need not address the question of counsel's performance. *Id.*, 466 U.S. at 697, 104 S. Ct. 2052.

The Fifth Circuit has held that to prevail on a claim of ineffective assistance of counsel on

appeal, the petitioner must make a showing that had counsel performed differently, there would have

been revealed issues and arguments of merit on the appeal. *Sharp v. Puckett*, 930 F.2d 450, 453 (5th

Cir. 1991), *citing Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2065, 80 L. Ed.2d

864 (1984). In a counseled appeal after conviction, the key is whether the failure to raise an issue

worked to the prejudice of the defendant. *Sharp*, 930 F.2d at 453. This standard has been affirmed

by the Supreme Court. *See Smith v. Robbins*, 528 U.S. 259, 285, 120 S. Ct. 746, 764, 145 L. Ed.2d

756 (2000) (holding that the petitioner must first show that his appellate attorney was objectively

unreasonable in failing to find arguable issues to appeal, and also a reasonable probability that, but

for his counsel's unreasonable failure to file a merits brief raising these issues, he would have

prevailed on his appeal). *See also Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed.2d

389 (2000); *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001).

Furthermore, an appellate counsel's failure to raise certain issues on appeal does not deprive

an appellant of effective assistance of counsel where the petitioner did not show trial errors with

arguable merit. *Hooks v. Roberts*, 480 F.2d 1196, 1198 (5th Cir. 1973). Appellate counsel is not required to consult with his client concerning the legal issues to be presented on appeal. *Id*. at 1197. An appellate attorney's duty is to choose among potential issues, using professional judgment as to their merits – every conceivable issue need not be raised on appeal. *Jones v. Barnes*, 463 U.S. 745, 749, 103 S. Ct. 3308, 3311-12, 77 L. Ed.2d 987 (1983).

Discussion

In the present case, Movant complains that his attorney was ineffective when he stipulated to a drug quantity in excess of 500 grams, when he failed to argue sentencing enhancements, when he failed to request a ruling from the court pursuant to Rule 32 (i) (3) (B), and when he raised only one issue on appeal, failing to challenge the sufficiency of the evidence.

The Court notes that, as it concerns Movant's first claim, trial counsel filed a written objection to paragraphs nine and ten of the PSR, arguing that the PSR's calculation of methamphetamine was incorrect. At sentencing, he called six witnesses to contest the amount. The District Court sustained Movant's objection and counsel was successful in reducing Movant's base offense level from 34 to 32 based on the agreement to a lesser amount of methamphetamine. Furthermore, Movant's claim that testimony at sentencing proved he was responsible for only 17 ounces is misguided. The Government, on cross-examination, was able to show that the witnesses had given prior inconsistent statements showing that Movant was responsible for much higher amounts. Counsel is not ineffective for failing to challenge a sentence that is proper. *See United States v. Preston*, 209 F.3d 783, 784 (5th Cir. 2000). Movant has failed to prove that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

In his next issue, Movant argues counsel was ineffective for failing to challenge upward adjustments to his sentence. The record shows that the only upward adjustment to the offense used to calculate Movant's offense level was pursuant to U.S.S.G. § 2D1.1(b)(1), possession of a dangerous weapon in connection with a conspiracy to manufacture drugs pursuant to 21 U.S.C. § 846. Movant entered a plea of guilty to possession of a firearm in Count 19 of the indictment; accordingly, an objection to the upward adjustment would have been frivolous. Any argument trial counsel would have advanced in this vein would have been frivolous, and counsel cannot be held to be ineffective for failing to argue frivolous claims. *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990). He has failed to prove that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

In his third claim, Movant asserts that counsel was ineffective for failing to request a ruling on his objections to the upward adjustment to Count 19 of the indictment. However, at sentencing, the Court stated that there was no need to rule on the objection to the upward adjustments to Count 19 because the offense level from this Count was not used to calculate the offense level for Movant's sentence. The sentence stemming from Count 19 was less than that from Count 1, and the sentences were ordered to run concurrently. Consequently, a ruling on the objection would have had no effect. Counsel cannot be held to be ineffective for failing to argue frivolous claims. *Koch*, 907 F.2d at 527. Movant has failed to prove that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. This issue is without merit.

In his fourth claim, Movant claims counsel was ineffective for failing to object to the

sufficiency of the evidence to the conviction pursuant to 18 U.S.C. § 922 (g)(3). The Court notes that Movant pleaded guilty to Count 19 – possession of a firearm; accordingly an objection would have been frivolous. *United States v. Cothran*, 302 F.3d 279, 283 (5th Cir. 2002) (reviewing court gives great deference to the defendant's statements in his plea). Movant has failed to show that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

Finally, Movant asserts that his appellate counsel was ineffective for failing to bring a sufficiency of the evidence claim on appeal. Again, Movant pleaded guilty; thus, arguing sufficiency of the evidence in light of a guilty plea is frivolous. An appellate counsel's failure to raise certain issues on appeal does not deprive an appellant of effective assistance of counsel where the petitioner did not show trial errors with arguable merit. *Hooks,* 480 F.2d at 1198. Movant has not shown that, had counsel performed differently, there would have been revealed issues and arguments of merit on the appeal. *Sharp,* 930 F.2d at 453, *citing Strickland,* 466 U.S. at 687, 104 S. Ct. at 2065. Furthermore, appellate counsel is not required to consult with his client concerning the legal issues to be presented on appeal. *Hooks*, 480 F.2d at 1197. An appellate attorney's duty is to choose among potential issues, using professional judgment as to their merits – every conceivable issue need not be raised on appeal. *Jones,* 463 U.S. at 749, 103 S. Ct. at 3311-12. For the reasons stated above, Movant is not entitled to relief on his claims.

## Conclusion

In conclusion, Movant's claims of ineffective assistance of counsel are not supported by the record. He has failed to prove that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S.

at 694, 104 S. Ct. at 2068. He has failed to show trial errors with arguable merit. *Hooks,* 480 F.2d at 1198. Movant has not shown that, had counsel performed differently, there would have been revealed issues and arguments of merit on the appeal. *Sharp,* 930 F.2d at 453, *citing Strickland*, 466 U.S. at 687, 104 S. Ct. at 2065. His motion is without merit and should be denied and dismissed.

<u>Certificate of Appealability</u>

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Movant has not yet filed a notice of appeal, it is respectfully recommended that this Court, nonetheless, address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04, 146 L. Ed.2d 542 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a

9

district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of Movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37, 123 S. Ct. 1029, 1039, 154 L. Ed.2d 931 (2003) (citing *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604). Accordingly, it is respectfully recommended that the Court find that Movant is not entitled to a certificate of appealability as to his claims.

### Recommendation

It is accordingly recommended that Movant's motion for relief under 28 U.S.C. § 2255 be denied and the case dismissed with prejudice. It is further recommended that a certificate of appealability be denied.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79

F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 1st day of June, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE