IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| JIMMY RAY EARL MERRIFIELD | § | |
| VS. | § | CIVIL ACTION NO. 4:05cv421 |
| | | CRIM NO. 4:03cr84(11) |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Movant Jimmy Ray Earl Merrifield filed the above-styled and numbered motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The cause of action was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

Motion for Summary Judgment

Movant filed a motion for summary judgment (docket entry #23). A motion for summary judgment is not a proper method of adjudicating a motion brought pursuant to 28 U.S.C. § 2255. *See Browder v. Director, Ill. Dept. of Correction*, 434 U.S. 257, 269, n.14, 98 S. Ct. 556, 563, 54 L. Ed.2d 521 (1978); *United States v. Hurley*, 2005 WL 1473828 n.5 (N.D. Tex 2005) (Not Reported in F. Supp.2d). *The Rules Governing Section 2255 Proceedings for the United States District Courts* do not contemplate such a motion. Although Rule 12 permits the Court to apply the Federal Rules of Civil Procedure when appropriate, motions for summary judgment under Fed. R. Civ. P. 56 are not appropriate or necessary in the habeas context. This is especially true where the motion seeks essentially the same relief as that sought in the underlying motion to vacate. For these reasons, the Court should summarily deny the motion as improvidently filed in this action.

Recommendation

It is accordingly recommended that the motion for summary judgment (docket entry #23) be denied.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 2nd day of July, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE